UNITED STATES DISTRICT COURT
EASTERN DISCT OF VIRGINIA

| | |
|---|---|
| GARY TERZENBACH, individually and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LANDAMERICA FINANCIAL GROUP, INC., THEODORE CHANDLER, MARSHALL WISHNACK, JANET ALPERT, MICHAEL DINKINS, JOHN MCCANN, ROBERT NORFLEET, JULIOUS SMITH, THOMAS SNEAD, ROBERT SKUNDA, GALE CARUSO, DIANNE NEAL, CHARLES FOSTER, and FIDELITY NATIONAL FINANCIAL, INC., | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

NOV 18 2008

CLERK, U.S. DISTRICT COURT
RICHMOND. VA

CASE NO. 3:08CV757

CLASS ACTION COMPLAINT

Plaintiff, by his attorneys, alleges upon information and belief, except for his own acts, which are alleged on knowledge, as follows:

1.      Plaintiff brings this action on behalf of the public stockholders of LandAmerica Financial Group, Inc. ("LandAmerica" or the "Company") against Defendants, LandAmerica and its Board of Directors seeking equitable relief for their breaches of fiduciary duty and other violations of state law arising out of their attempt to sell the Company to Defendant Fidelity National Financial, Inc. ("Fidelity") by means of an unfair process and for an unfair price of a 0.993 shares of Fidelity common stock, which based on Fidelity's closing price on November 6, 2008, implies a purchase price of approximately $8.29 per share of LandAmerica common stock (the "Proposed Transaction"). The Proposed Transaction is valued at approximately $125 Million.

## JURISDICTION AND VENUE

2.        This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and (c), since plaintiff and defendants are citizens of and domiciled in different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This action is not a collusive one to confer jurisdiction on this Court.

3.        Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c). LandAmerica has its principal place of business located in this District.  Many of the acts giving rise to the violations complained of herein, including the dissemination of false and misleading information, occurred and/or had their primary effects in this District.

## PARTIES

4.        Plaintiff is, and has been at all relevant times, the owner of shares of common stock of LandAmerica.  Plaintiff is, and has been at all relevant times, a resident of Washington.

5.        LandAmerica is a corporation organized and existing under the laws of the State of Virginia. It maintains its principal corporate offices at 5600 Cox Road, Glen Allen, Virginia 23060 (Henrico County), and operates as a title insurance underwriter in the United States, Mexico, Canada, the Caribbean, Latin America, Europe, and Asia. Its products and services facilitate the purchase, sale, transfer, and financing of residential and commercial real estate. The Company operates through three segments: Title Operations, Lender Services, and Financial Services. The Title Operations segment offers title insurance, escrow, and closing services, as well as specialized services, including construction disbursement, national multi-state transactions co-ordination, and tax-deferred real property exchange. The Lender Services segment provides real estate transaction management, appraisal and valuation, flood zone determination, consumer mortgage credit reporting, real estate tax processing, default management, and mortgage loan subservicing services to national and regional mortgage lending

2

customers. The Financial Services segment engages in the origination and purchase of commercial real estate loans in the southern California, Arizona, and Nevada markets, as well as solicits deposits through the Internet for certificates of deposit and passbook savings accounts. LandAmerica Financial Group serves residential and commercial property buyers and sellers, real estate agents and brokers, developers, attorneys, mortgage brokers and lenders, and title insurance agents. As of December 31, 2007, it operated through approximately 700 offices and a network of 10,000 active agents.

6.      Defendant Theodore Chandler ("Chandler") has been the Chief Executive Officer and Chairman of the Board of the Company since 2007. Defendant Chandler is a resident of Virginia.

7.      Defendant Marshall Wishnack ("Wishnack") has been a Director of the Company since 1991. Defendant Wishnack is a resident of Virginia.

8.      Defendant Janet Alpert ("Alpert") has been a Director of the Company since 2004. Defendant Alpert is a resident of Virginia.

9.      Defendant Michael Dinkins ("Dinkins") has been a Director of the Company since 1997. Defendant Dinkins is a resident of Virginia.

10.     Defendant John McCann ("McCann") has been a Director of the Company since 1997. Defendant McCann is a resident of Virginia.

11.     Defendant Robert Norfleet ("Norfleet") has been a Director of the Company since 1991. Defendant Norfleet is a resident of Virginia.

12.     Defendant Julious Smith ("Smith") has been a Director of the Company since 2000. Defendant Smith is a resident of Virginia.

3

13.     Defendant Thomas Snead ("Snead") has been a Director of the Company since 2001. Defendant Snead is a resident of Virginia.

14.     Defendant Robert Skunda ("Skunda") has been a Director of the Company since 2001. Defendant Skunda is a resident of Virginia.

15.     Defendant Gale Caruso ("Caruso") has been a Director of the Company since 2005. Defendant Caruso is a resident of Virginia.

16.     Defendant Dianne Neal ("Neal") has been a Director of the Company since 2006. Defendant Neal is a resident of Virginia.

17.     Defendant Charles Foster ("Foster") has been Chairman Emeritus of the Board of Directors since 2007. Defendant Foster is a resident of Virginia.

18.     Defendants referenced in ¶¶ 4 through 15 are collectively referred to as Individual Defendants and/or the LandAmerica Board. The Individual Defendants as officers and/or directors of LandAmerica, have a fiduciary relationship with Plaintiff and other public shareholders of LandAmerica and owe them the highest obligations of good faith, fair dealing, loyalty and due care.

19.     Defendant Fidelity is a Delaware Corporation with its headquarters located at 601 Riverside Avenue, Jacksonville, Florida, 32204 that provides title insurance, specialty insurance, claims management, and information services in the United States.

## INDIVIDUAL DEFENDANTS' FIDUCIARY DUTIES

20.     By reason of Individual Defendants' positions with the Company as officers and/or Directors, they are in a fiduciary relationship with Plaintiff and the other public shareholders of LandAmerica and owe them, as well as the Company, a duty of highest good

faith, fair dealing, loyalty and full, candid and adequate disclosure, as well as a duty to maximize shareholder value.

21.     Where the officers and/or Directors of a publicly traded corporation undertake a transaction that will result in either: (i) a change in corporate control; (ii) a break up of the corporation's assets; or (iii) sale of the corporation, the Directors have an affirmative fiduciary obligation to obtain the highest value reasonably available for the corporation's shareholders, and if such transaction will result in a change of corporate control, the shareholders are entitled to receive a significant premium.  To diligently comply with their fiduciary duties, the Directors and/or officers may not take any action that:

(a)     adversely affects the value provided to the corporation's shareholders;

(b)     favors themselves or will discourage or inhibit alternative offers to purchase control of the corporation or its assets;

(c)     contractually prohibits them from complying with their fiduciary duties;

(d)     will otherwise adversely affect their duty to search and secure the best value reasonably available under the circumstances for the corporation's shareholders; and/or

(e)     will provide the Directors and/or officers with preferential treatment at the expense of, or separate from, the public shareholders.

22.     In accordance with their duties of loyalty and good faith, the Individual Defendants, as Directors and/or officers of LandAmerica, are obligated to refrain from:

(a)     participating in any transaction where the Directors or officers' loyalties are divided;

(b)     participating in any transaction where the Directors or officers receive, or are entitled to receive, a personal financial benefit not equally shared by the public shareholders of the corporation; and/or

(c)     unjustly enriching themselves at the expense or to the detriment of the public shareholders.

23.     Plaintiff alleges herein that the Individual Defendants, separately and together, in connection with the Proposed Transaction are knowingly or recklessly violating their fiduciary duties, including their duties of loyalty, good faith and independence owed to Plaintiff and other public shareholders of LandAmerica, or are aiding and abetting others in violating those duties.

24.     Defendants also owe the Company's stockholders a duty of truthfulness, which includes the disclosure of all material facts concerning the Proposed Transaction and, particularly, the fairness of the price offered for the stockholders' equity interest. Defendants are knowingly or recklessly breaching their fiduciary duties of candor and good faith by failing to disclose all material information concerning the Proposed Transaction, and/or aiding and abetting other Defendants' breaches.

## CONSPIRACY, AIDING AND ABETTING AND CONCERTED ACTION

25.     In committing the wrongful acts alleged herein, each of the Defendants has pursued, or joined in the pursuit of, a common course of conduct, and acted in concert with and conspired with one another, in furtherance of their common plan or design. In addition to the wrongful conduct herein alleged as giving rise to primary liability, the Defendants further aided and abetted and/or assisted each other in breach of their respective duties as herein alleged.

26.     During all relevant times hereto, the Defendants, and each of them, initiated a course of conduct which was designed to and did: (i) permit Fidelity to attempt to eliminate the public shareholders' equity interest in LandAmerica pursuant to a defective sales process, and

6

(ii) permit Fidelity to buy the Company for an unfair price. In furtherance of this plan, conspiracy and course of conduct, Defendants, and each of them, took the actions as set forth herein.

27.     Each of the Defendants herein aided and abetted and rendered substantial assistance in the wrongs complained of herein.  In taking such actions, as particularized herein, to substantially assist the commission of the wrongdoing complained of, each Defendant acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to, and furtherance of, the wrongdoing.  The Defendants' acts of aiding and abetting included, *inter alia*, the acts each of them are alleged to have committed in furtherance of the conspiracy, common enterprise and common course of conduct complained of herein.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on its own behalf and as a class action on behalf of all owners of LandAmerica common stock and their successors in interest, except Defendants and their affiliates (the "Class").

29.     This action is properly maintainable as a class action for the following reasons:

(a)     the Class is so numerous that joinder of all members is impracticable.  As of November 12, 2008, LandAmerica has approximately 15.48 million shares outstanding.

(b)     questions of law and fact are common to the Class, including, inter alia, the following:

(i)     Have the Individual Defendants breached their fiduciary duties owed by them to Plaintiff and the others members of the Class;

7

(ii)    Are the Individual Defendants, in connection with the Proposed Transaction of LandAmerica by Fidelity, pursuing a course of conduct that does not maximize LandAmerica's value in violation of their fiduciary duties;

(iii)    Have the Individual Defendants misrepresented and omitted material facts in violation of their fiduciary duties owed by them to Plaintiff and the other members of the Class;

(iv)    Has Fidelity aided and abetted the Individual Defendants' breaches of fiduciary duty; and

(v)    Is the Class entitled to injunctive relief or damages as a result of Defendants' wrongful conduct.

(c)    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.

(d)    Plaintiff's claims are typical of those of the other members of the Class.

(e)    Plaintiff has no interests that are adverse to the Class.

(f)    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications for individual members of the Class and of establishing incompatible standards of conduct for Defendants.

(g)    Conflicting adjudications for individual members of the Class might as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

8

## SUBSTANTIVE ALLEGATIONS

30.     In a press release dated November 7, 2008, the Company announced that it had

entered into a merger agreement with Fidelity, stating:

> Jacksonville, Fla. and Richmond, VA -- (November 7, 2008) --
> Fidelity National Financial, Inc. (NYSE:FNF) and LandAmerica
> Financial Group, Inc. (NYSE:LFG) today announced the signing
> of a definitive merger agreement under which FNF will acquire
> LFG. Under the terms of the merger agreement, LFG shareholders
> will receive 0.993 shares of FNF common stock for each share of
> LFG common stock.
>
> The transaction has been structured to reduce the combined debt of
> LFG and FNF by approximately $250 million prior to the closing
> of the merger agreement. This will be accomplished by FNF's title
> insurance subsidiaries providing liquidity equal to the statutory
> book value of LFG's two primary title insurance subsidiaries,
> Commonwealth Land Title Insurance Company
> ("Commonwealth") and Lawyers Title Insurance Corporation
> ("Lawyers"), immediately prior to the closing of the merger
> agreement. These proceeds will be used to repay outstanding
> indebtedness under LFG's revolving credit facility and private
> placement senior notes and, potentially, existing FNF debt. As a
> result, FNF anticipates no material change from its current debt to
> total capitalization ratio of approximately 30%.
>
> The transaction is subject to certain closing conditions, including
> LFG shareholder approval, antitrust and state regulatory approvals,
> the divestiture of Centennial Bank by LFG and the satisfaction of
> other customary closing conditions. The merger agreement also
> provides a due diligence contingency for FNF that expires on
> November 21, 2008, during which time FNF will conduct due
> diligence procedures on LFG's operations and financial condition.
> Theodore L. Chandler, Jr., LFG's Chairman and CEO, will join the
> FNF Board of Directors as Vice Chairman after the closing of the
> transaction.

31.     The announcement and research reveal that the Proposed Transaction is the

product of a flawed sales process and is being consummated at an unfair price.

## THE PRICE IS UNFAIR

32.    In the few months prior to the announcement of the Proposed Transaction, LandAmerica stock had been trading well in excess of the Proposed Transaction offer price of approximately $8.29. In fact, as recently as October 1, 2008, LandAmerica's stock closed at $24.52 per share. The recent dip in LandAmerica's stock price to $4.75 per share on November 6, 2008 is not the result of any fundamental change in the Company but likely reflects recent turmoil in the financial markets.



33.    Furthermore, analysts valued LandAmerica shares well in excess of the price in the Proposed Transaction with an average target price over four analysts of $11.75 per share and a high target price of $14.00 per share. Moreover, the Company reported a book value of over $71 per share.

## COUNT I
### Breach of Fiduciary Duty – Failure to Maximize Shareholder Value
### (Against All Individual Defendants)

34.     Plaintiff repeats all previous allegations as if set forth in full herein.

35.     As Directors of LandAmerica, the Individual Defendants stand in a fiduciary relationship to Plaintiff and the other public stockholders of the Company and owe them the highest fiduciary obligations of loyalty and care.  The Individual Defendants' recommendation of the Proposed Transaction will result in change of control of the Company which imposes heightened fiduciary responsibilities to maximize LandAmerica's value for the benefit of the stockholders and requires enhanced scrutiny by the Court.

36.     As discussed herein, the Individual Defendants have breached their fiduciary duties to LandAmerica shareholders by failing to engage in an honest and fair sale process.

37.     As a result of the Individual Defendants' breaches of their fiduciary duties, Plaintiff and the Class will suffer irreparable injury in that they have not and will not receive their fair portion of the value of LandAmerica's assets and will be prevented from benefiting from a value-maximizing transaction.

38.     Unless enjoined by this Court, the Individual Defendants will continue to breach their fiduciary duties owed to Plaintiff and the Class, and may consummate the Proposed Transaction, to the irreparable harm of the Class.

39.     Plaintiff and the Class have no adequate remedy at law.

11

## COUNT II
### Aiding and Abetting
### (Against Fidelity)

40.    Plaintiff repeats all previous allegations as if set forth in full herein.

41.    As alleged in more detail above, Fidelity is well aware that the Individual Defendants have not sought to obtain the best available transaction for the Company's public shareholders. Defendant Fidelity aided and abetted the Individual Defendants' breaches of fiduciary duties.

52.    As a result, Plaintiff and the Class members are being harmed.

53.    Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally, as follows:

(A)    declaring this action to be a class action and certifying Plaintiff as the Class representatives and their counsel as Class counsel;

(B)    enjoining, preliminarily and permanently, the Proposed Transaction;

(C)    in the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff and the Class rescissory damages;

(D)    directing that Defendants account to Plaintiff and the other members of the Class for all damages caused by them and account for all profits and any special benefits obtained as a result of their breaches of their fiduciary duties;

(E)    awarding Plaintiff the costs of this action, including a reasonable allowance for the fees and expenses of Plaintiff's attorneys and experts; and

(F)    granting Plaintiff and the other members of the Class such further relief as the Court deems just and proper.

November 17, 2008

Elizabeth K. Tripodi
VA Bar #: 73483
**FINKELSTEIN THOMPSON LLP**
1050 30th Street N.W.
Washington, D.C. 20007
Tel: (202) 337-8000
Fax: (202) 337-8090
etripodi@finkelsteinthompson.com

*Counsel for Plaintiff Gary Terzenbach*

**OF COUNSEL**
LEVI & KORSINSKY, LLP
Eduard Korsinsky, Esq.
Juan E. Monteverde, Esq.
39 Broadway, Suite 1601
New York, New York 10006
Tel: (212) 363-7500
Fax: (212) 363-7171